UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JACKIE LEE PETTY, JR., | ) |
| | ) |
| Plaintiff, | ) Case: 4:24-cv-04136 |
| | ) |
| v. | ) |
| | ) |
| MTI TIRES, LLC, | ) |
| | ) |
| Defendant. | ) Jury Trial Demanded |
| | ) |

## COMPLAINT

**NOW COMES** Plaintiff, Jackie Lee Petty, Jr. ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against MTI Tires, LLC ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

2. This lawsuit arises under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*, ("ADEA") seeking redress for Defendant's discrimination on the basis of Plaintiff's age, Defendant's age-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADEA.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 *et seq*. and 29 U.S.C. § 621, *et seq*.

4. Venue of this action properly lies in the Central District of Illinois, Rock Island Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*. have occurred or been complied with.

6. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Jackie Lee Petty, Jr., resides in Henry County in the State of Illinois.

9. At all times material to the allegations in this Complaint, Defendant, MTI Tires, LLC is a corporation doing business in and for Henry County whose address is 308 West 2nd St. Kewanee, IL 61443.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of

ADA, 42 U.S.C. § 12111(4) and ADEA, 29 U.S.C. §631.

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

12. During the applicable limitations period, Defendant has had at least twenty employees, has been an "employer" as defined by ADEA 29 U.S.C. §631, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

13. Plaintiff was hired by Defendant as a sales associate on or around January 8, 2024, until their unlawful termination on or around April 22, 2024.

14. Plaintiff's essential job duties included but were not limited to evaluating customers' needs and recommend products and services based on the specific needs and interests of the customer, following each customer transaction through to completion, keeping all areas organized, free of clutter, clean and presentable at all times, completing paperwork fully and accurately following company policy and procedures, ensuring sales growth for store location, making customer calls to increase sales opportunities, and assisting in the shop as necessary.

15. Plaintiff has a hearing impairment and/or is hard-of-hearing and utilizes a hearing aid.

16. Plaintiff is "qualified individual" as defined under the ADA.

17. Since at least February 12, 2024, through April 22, 2024, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class and has been subjected to a hostile work environment on the basis of age violating the ADEA.

18. Plaintiff is 61 years old and is a member of a protected class because of Plaintiff's age whom Defendant subjected to different terms and conditions of employment than others not within Plaintiff's protected class.

19. On or about February 12, 2024, Defendant's service manager, Derrick (LNU), began subjecting Plaintiff to daily harassment and mockery due to Plaintiff's age and hearing impairment.

20. Derrick's comments, like suggesting Plaintiff return to a nursing home or mockingly joking that the senior bus was there to pick Plaintiff up, became a regular occurrence.

21. Unfortunately, soon thereafter others, including Defendant's store manager Liz, joined in with similar remarks about Plaintiff's age and hearing.

22. On or about April 8, 2024, the situation had escalated, and while Plaintiff recognized it as a pervasive cultural issue, they felt compelled to follow protocol and report it to Liz (Store Manager).

23. This report was protected activity of opposing age and disability discrimination and/or harassment.

24. Plaintiff expressed their discomfort with the constant age-related and hearing aid comments, noting that the individuals making these remarks were predominantly in their 20's and 30's.

25. Additionally, Plaintiff observed coworkers, Zac and Jay, removing their name from sales tickets, impacting their commissions.

26. Plaintiff brought this concern to Liz's attention as well.

27. Despite reporting these issues to Liz, and subsequently escalating them to

Defendant's district manager, Jason Fredricks, on or about April 18, 2024, the situation remained unresolved.

28. On or about April 19, 2024, Liz urged Plaintiff to reconsider officially filing a complaint against Zac over the ticket incidents, suggesting she would handle it over the weekend.

29. However, by April 22, 2024, after reflecting on the situation over the weekend, Plaintiff informed Liz of Plaintiff's intent to pursue legal action due to the prolonged inaction.

30. In retaliation, Plaintiff's work schedule was altered to one which they could not accommodate.

31. Subsequently, Liz told Plaintiff "I take this as your resignation then" and requested Plaintiff return the store key, effectively terminating Plaintiff's employment that same day.

32. Defendant's inaction is tantamount to not engaging in the interactive process as required by the ADA.

33. Plaintiff was qualified and capable of completing his essential duties, as evinced by co-workers stealing credit for Plaintiff's work.

34. No similarly situated employees outside of Plaintiff's protected class were targeted with such disparate treatment, nor were they discriminated against or harassed for their physical capabilities.

35. Ultimately, on or about April 22, 2024, Plaintiff was terminated on the basis of Plaintiff's age, disability, and engaging in protected activity as described above.

36. The purported justification for termination was unlawful discrimination based on disability or because Defendant perceived Plaintiff as disabled.

37. Plaintiff met or exceed Defendant's performance expectations during the entire

duration of Plaintiff's employment.

38. Plaintiff was retaliated against and Plaintiff's employment was ultimately terminated for opposing unlawful discrimination and for exercising Plaintiff's protected rights.

39. Plaintiff can show that Plaintiff engaged in statutorily protected activity –a necessary component of Plaintiff's retaliation claim- because Plaintiff lodged complaints directly to Plaintiff's manager about the harassment.

40. Plaintiff was targeted for termination because of Plaintiff's age and reporting of illegal activity.

41. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

### COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

42. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

43. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

44. Plaintiff met or exceeded performance expectations.

45. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

46. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

47. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

48. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's

disability.

49. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

50. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT II**
**Violation of Americans with Disabilities Act**
**(Failure to Accommodate)**

51. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

52. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

53. Plaintiff is a qualified individual with a disability.

54. Defendant was aware of the disability and the need for accommodations.

55. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

56. Plaintiff's reasonable accommodations that was requested was not an undue burden on the Defendant.

57. Defendant did not accommodate Plaintiff's disability.

58. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

59. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

60. As a direct and proximate result of the failure to accommodate described above,

Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Americans with Disabilities Act
### (Disability-Based Harassment)

61. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

62. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

63. Defendant knew or should have known of the harassment.

64. The disability-based harassment was severe or pervasive.

65. The disability-based harassment was offensive subjectively and objectively.

66. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

67. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

68. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of Americans with Disabilities Act
### (Retaliation)

69. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

70. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

71. During Plaintiff's employment with Defendant, Plaintiff reported disability-based harassment.

72. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

73. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of disability-based harassment or discrimination.

74. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory or harassing conduct complained of by Plaintiff.

75. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff reporting disability-based harassment, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

76. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

77. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

78. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT V
**Violation of the Age Discrimination in Employment Act**
**(Age-Based Discrimination)**

79. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

80. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

81. Plaintiff met or exceeded performance expectations.

82. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

83. Defendant terminated Plaintiff's employment on the basis of Plaintiff's age.

84. Plaintiff is a member of a protected class under the ADEA, due to Plaintiff's age.

85. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

86. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VI
**Violation of Americans with Disabilities Act**
**(Age-Based Harassment)**

87. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

88. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of Plaintiff's age, in violation of Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*.

89. Defendant knew or should have known of the harassment.

90. The age-based harassment was severe or pervasive.

91. The age-based harassment was offensive subjectively and objectively.

92. The age-based harassment was unwelcomed.

93. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's age.

94. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

95. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VII
**Violation of the Age Discrimination in Employment Act**
**(Retaliation)**

96. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

97. Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

98. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about age-based harassment or discrimination.

99. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

100. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of age discrimination.

101. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

102. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

103. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the age-based harassment or discrimination, thereby violating the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

104. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

105. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. Award pre-judgment interest if applicable; and

h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 26th day of July 2024.

/s/ *Alexander J. Taylor*
**ALEXANDER J. TAYLOR, ESQ.**
Sulaiman Law Group Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, IL 60148
Phone: 630-575-8181
ataylor@sulaimanlaw.com
*Attorneys for Plaintiff*